UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

        Plaintiff,

-against-

JUDGE COLLEEN McMAHON; THE STATE OF NEW YORK; and PROGRESSIVE CORPORATION INSURANCE COMPANY,

        Defendants.

19-CV-5090 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action against Chief Judge McMahon, New York State, and Progressive Corporation Insurance Company (Progressive). By order dated June 5, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the following reasons, the Court dismisses this complaint.

## BACKGROUND

Plaintiff sues Chief Judge McMahon, asserting claims arising out of her judicial role in Plaintiff's prior action against Progressive, *see Johnson v. Progressive Corporation Insurance Company*, No. 19-CV-2902 (CM) (S.D.N.Y. May 22, 2019) (the "Southern District case"). That action concerned a car accident in Buffalo, in which Plaintiff was involved as a passenger in one of the vehicles. Plaintiff claimed that the Court's jurisdiction over the claims arose under the diversity of citizenship statute, 28 U.S.C. § 1332.

On May 22, 2019, Chief Judge McMahon dismissed *Johnson*, No. 19-CV-2902 (CM) because Plaintiff had filed a duplicate complaint in the Northern District of Ohio, *see Johnson v. Progressive Corp. Ins. Co.*, No. 19-CV-0826 (N.D. Ohio) (the "Ohio case"). In the Ohio case,

Plaintiff asserted that the court's jurisdiction over the claims arose under the federal question statute, 28 U.S.C. § 1331. *Id.*

On May 30, 2019, Chief Judge McMahon denied Plaintiff's motion for reconsideration filed in the Southern District case, in which he argued that the Southern District case was not duplicative of the Ohio case. In that order, she informed Plaintiff that the Clerk's Office would not accept any further documents for filing in that case, except for those that were directed to the United States Court of Appeals for the Second Circuit.

Plaintiff now brings this new action against Chief Judge McMahon, Progressive, and the State of New York, claiming that the Southern District case is not identical to the Ohio case because the Ohio case concerns his federal civil rights, and the Southern District case raises a personal injury claim under state law. In this new action, Plaintiff asserts that the basis of this Court's jurisdiction is the federal question statute, and that Chief Judge McMahon "illegally endorsed Progressive Insurance [l]awyer Michael K. Gertzer which is a violation of due process." (Compl. at 6.) He also claims that "[Chief] Judge McMahon and Courts did not serve Progressive Insurance Company with Plaintiff's complaint as ordered by Judge Colleen McMahon on April 22, 2019."[1] (*Id.* at 5.)

Plaintiff also reasserts his claims against Progressive regarding the Buffalo car accident. He does not assert any facts related to New York State's involvement.

Plaintiff seeks money damages. He also seeks "[a]mendments to rules, regulations, statutes, codes and laws," but he does not specify how. (*Id.* at 7.)

---

[1] Chief Judge McMahon granted Plaintiff's IFP application on April 22, 2019, but she never directed the Clerk of Court to effect service on Progressive. (*See* No. 19-CV-2902 Doc. No. 4.)

# DISCUSSION

**A.  The claims against Chief Judge McMahon are barred under the doctrine of judicial immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, 42 U.S.C. § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff sues Chief Judge McMahon based on her rulings in *Johnson*, No. 19-CV-2902 (CM). Plaintiff raised similar arguments in his motion for reconsideration, and after Chief Judge McMahon denied that motion, she informed Plaintiff that further filings would not be accepted. In response, he sued her. This claim clearly challenges judicial conduct. It is therefore barred under the doctrine of judicial immunity and is dismissed on this basis.

3

**B.    Plaintiff's claims against New York State are dismissed under the Eleventh Amendment**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Eleventh Amendment does not bar suits seeking prospective injunctive relief against state officials allegedly acting in violation of federal law. *See Ex Parte Young*, 209 U.S. 123, 150-59 (1908).

Plaintiff does not assert any facts suggesting that New York State or any of its officials were personally involved in violating his rights. In any event, Plaintiff cannot sue the State of New York in federal court for money damages, and he does not seek any injunctive relief against a state official. Thus, the Court dismisses his claims against the State of New York under the Eleventh Amendment.

**C.    Plaintiff's claims against Progressive are dismissed because his pending claims against Progressive in the Ohio case arise out of the same set of facts**

For the reasons stated in the May 22, 2019 order of dismissal in the Southern District case, *see Johnson*, No. 19-CV-2902 (CM), the Court dismisses Plaintiff's claims against Progressive without prejudice to the Ohio case, *see Johnson v. Progressive Corp. Ins. Co.*, No. 19-CV-0826. Plaintiff may not split his case into two and litigate each one in a different federal courthouse, under two different legal theories. *See Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105,

4

110 (2d Cir. 2000) (discussing "the well-established rule that a plaintiff cannot avoid the effects of res judicata by 'splitting' his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit)").

Put simply, the Court was well within its authority to dismiss the Southern District case as duplicative of the Ohio case for the purposes of managing its docket, promoting efficiency, and protecting parties from repetitive filings. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (noting that "[t]he power to dismiss a duplicative lawsuit is meant to foster judicial economy and the comprehensive disposition of litigation . . [it] is also meant to protect parties from the vexation of concurrent litigation over the same subject matter" (internal quotation marks and citations omitted)).

**D.    The Court declines to grant Plaintiff leave to amend because it would be futile**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), and as duplicative of *Johnson v. Progressive Corp. Ins. Co.*, No. 19-CV-0826 (N.D. Ohio).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

5

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 26, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.